Rakhee V. Patel – State Bar No. 00797213
Phillip Lamberson – State Bar No. 00794134
Joe Wielebinski – State Bar No. 21432400
Annmarie Chiarello – State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone:  (214) 745-5400
Facsimile:  (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
jwielebinski@winstead.com
achiarello@winstead.com

**SPECIAL COUNSEL FOR
ROBIN PHELAN, CHAPTER 11 TRUSTEE**

Jeff P. Prostok –  State Bar No. 16352500
J. Robert Forshey – State Bar No. 07264200
Suzanne K. Rosen –  State Bar No. 00798518
Matthias Kleinsasser – State Bar No. 24071357
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone:  (817) 877-8855
Facsimile:  (817) 877-4151
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
mkleinsasser@forsheyprostok.com

**COUNSEL FOR
THE CHAPTER 11 TRUSTEE**

| | | |
|---|---|---|
| **IN RE:**<br><br>**ACIS CAPITAL MANAGEMENT, L.P., ACIS CAPITAL MANAGEMENT GP, LLC,**<br><br>Debtors. | § § § § § § § § § § | **Case No. 18-30264-SGJ-11**<br>**Case No. 18-30265-SGJ-11**<br><br>**(Jointly Administered Under Case No. 18-30264-SGJ-11)**<br><br>**Chapter 11** |
| **ROBIN PHELAN, Chapter 11 Trustee,**<br><br>Plaintiff,<br><br>vs.<br><br>**HIGHLAND CAPITAL MANAGEMENT, L.P.,  HIGHLAND CLO FUNDING, LTD. f/k/a ACIS LOAN FUNDING, LTD., CLO HOLDCO, LTD., NEUTRA, LTD.,  ACIS CLO 2014-3 LTD., ACIS CLO 2014-4 LTD., ACIS CLO 2014-5 LTD., ACIS CLO 2015-6 LTD., ACIS CLO 2014-3 LLC, ACIS CLO 2014-4 LLC, ACIS CLO 2014-5 LLC, and ACIS CLO 2015-6 LLC,**<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § | **Adversary No. 18-03212-SGJ** |

### MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER OR, IN THE ALTERNATIVE, AN EMERGENCY HEARING ON THE APPLICATION FOR TEMPORARY RESTRAINING ORDER

___

**MOTION FOR EX PARTE TRO OR EMERGENCY HEARNIG**                                    **Page 1 of 7**

**TO THE HONORABLE STACEY G.C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:**

Robin Phelan (the "<u>Trustee</u>"), the Chapter 11 Trustee of Acis Capital Management, L.P. ("<u>Acis LP</u>") and Acis Capital Management GP, LLC ("<u>Acis GP</u>," together with Acis LP, the "<u>Debtors</u>" or "<u>Acis</u>"), the debtors in the above-styled and numbered bankruptcy cases (the "<u>Cases</u>"), files this *Motion for an Ex Parte Temporary Restraining Order, or in the Alternative, Emergency Hearing on the Application for Temporary Restraining Order* (the "<u>Emergency Hearing Motion</u>"), and respectfully states the following:

1. Highland,[1] in furtherance of new optional redemption notices issued on June 15, 2018, seeks to begin liquidating the loan pools in the CLOs at 2:00 p.m. on **June 21, 2018.** Highland effectuated trades liquidating $23 million of loans in violation of this Court's prior TRO and additionally, liquidated $100 million of loans without the Trustee's consent or court approval. The Trustee requests this Court issue a temporary restraining order without oral or written notice to any adverse party, or in the alternative set an emergency hearing on the Application for the Temporary Restraining Order (the "<u>Second TRO</u>"), contained in the Complaint[2] on or before 2:00 p.m. on June 21, 2018 because the Trustee is concerned that Highland will effectuate trades without the Trustee's consent because Highland has the ability to effectuate trades expeditiously notice should not be provided.

**FACTUAL BACKGROUND**

2. On May 31, 2018, as an extraordinary measure, this Court issued a temporary restraining order ("<u>TRO</u>"), *sua sponte* preventing all Restrained Parties (as defined by the TRO)

---

[1] Capitalized term(s) not expressly defined herein shall have the same meaning(s) as such term(s) have in the Complaint.

[2] On June 21, 2018, the Trustee filed the *Verified Original Complaint and Application for Temporary Restraining Order and Preliminary Injunction* (the "<u>Complaint</u>") initiating the above-captioned adversary case (the "<u>Phelan Adversary</u>").

from taking any action in furtherance of an Optional Redemption for fourteen (14) days. This TRO ended on June 15, 2018 at 12:01 a.m.

3. It appears that Highland violated the TRO prior to its expiration by selling approximately $23 million of loans pursuant to the First Optional Redemption Notices after the TRO's issuance.

4. On June 14, 2018, HCLOF's counsel told the Court that HCLOF had withdrawn the First Optional Redemption Notices but reserved the right to reissue the notices at some future date, stating:

> That process has, in fact, concluded. That was done obviously for multiple reasons. My client doesn't believe that this is the appropriate time to be effectuating such a redemption for its own economic reasons, setting aside the complications it's obviously caused for others in this room. But needless to say, that, too, is an effort to try to bring, as I believe the Court has requested, and others have, some sanity to this process.[3]

5. On June 15, 2018, the next day after the hearing on the Motion to Extend the TRO was to have taken place, and after the TRO had expired, HCLOF—without requesting relief from the stay under section 362(d) of the Bankruptcy Code or requesting authority to take such action under section 363(b) of the Bankruptcy Code—again advised the Trustee that HCLOF had directed the Issuers to effectuate the Optional Redemption on July 30, 2018.

6. On June 20, 2018 at approximately 6:45 p.m. (CT), David Owens, a Highland employee, sent the Trustee two emails (the "Emails") requesting the Trustee to authorize hundreds of millions of dollars of trades in furtherance of the Second Optional Redemption. True and correct copies of the Emails are attached hereto as **Exhibits "A"** and **"B."** The Emails state:

---

[3] See Docket No. 298 at p. 7, ll. 15-22, Transcript of Hearing Held June 14, 2018.

_____
**MOTION FOR EX PARTE TRO OR EMERGENCY HEARNIG** **Page 3 of 7**

In order to effectuate the Transaction and obtain best execution, Highland requests your consent by no later than 2pm tomorrow, Thursday June 21, 2018 (the "Deadline"). The Acis Accounts may incur losses as a result of your failure to respond by the Deadline.

Highland believes it has an independent fiduciary obligation to the CLOs. If you instruct Highland not to proceed to undertake the Optional Redemption, Highland reserves it rights to seek appropriate protection and redress at law or in equity.

## RELIEF REQUESTED

7. Federal Rule of Civil Procedure 65(b), made applicable to the Phelan Adversary by Federal Rule of Bankruptcy Procedure 7065, states as follows:

(b) Temporary Restraining Order.

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
    (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
    (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required….

(3) Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

8. This Court is empowered by Federal Rule of Civil Procedure 65(b)(1) to issue an *ex parte* temporary restraining order based on the Complaint, which has been verified by the Trustee. The facts set forth in the Complaint clearly demonstrate that immediate and irreparable injury, loss, or damage will result to the Trustee before the Defendants can be heard in opposition to a TRO.

9. Highland previously violated the TRO and made additional trades without the Trustee's authorization. HCLOF withdrew the Optional Redemption Notice on the eve of a hearing set by this Court to extend the TRO and represented to this Court that HCLOF would "stand down." The day after the Motion to Extend the TRO would have been heard, but for

HCLOF's misrepresentations, HCLOF issued the Second Optional Redemption Notices. Now, Highland seeks to liquidate the CLOs with or without the Trustee's consent or court approval.[4] The foregoing is in violation of the PMAs, the Indentures, Sections 362 and 363 of the Bankruptcy Code, and eviscerates the value of the PMAs. Therefore, this Court should issue a Second TRO without a hearing.

10. In the event this Court does not issue an *ex parte* temporary restraining order, cause exists to grant an emergency hearing on the request for the Second TRO. The Trustee requests a hearing on or before June 21, 2018 at 2:00 p.m. for the reasons stated herein and in the Complaint.

11. Notice of the proposed emergency hearing will be provided to the Debtors' scheduled creditors and contract counter-parties, the United States Trustee, and all parties who have requested notice in this case by e-mail, if available, and electronic notice consistent with the Electronic Filing Procedures in this District.

12. A hearing was not requested earlier because the Emails were sent on June 20, 2018 at 6:45 p.m. (CT), which gave rise to the exigent circumstances described herein.

**WHEREFORE, PREMISES CONSIDERED**, the Trustee respectfully requests that the Court: (i) issue the Second TRO *ex parte*; or, alternatively, (ii) order that the Second TRO be set for hearing on or before June 21, 2018 at 2:00 p.m.; and (iii) grant the Trustee such further relief, whether in law or in equity, to which he may be justly entitled.

**DATED: JUNE 21, 2018.**

                                        Respectfully submitted,

                                        **WINSTEAD PC**

---

[4] Counsel for Highland represented, in correspondence related to the withdrawal of the Optional Redemption Notice, that "none of the collateral in the CLOs can be traded or liquidated without Robin's sign off." *See* Exhibit "C." However, the Emails indicate this statement is no longer accurate.

500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Phone)
(214) 745-5390 (Facsimile)

By: */s/ Rakhee V. Patel*
    Rakhee V. Patel
    State Bar No. 00797213
    Phillip Lamberson
    State Bar No. 00794134
    Joe Wielebinski
    State Bar No. 21432400
    Annmarie Chiarello
    State Bar No. 24097496
    rpatel@winstead.com
    plamberson@winstead.com
    jwielebinski@winstead.com
    achiarello@winstead.com

**SPECIAL COUNSEL FOR**
**ROBIN PHELAN, CHAPTER 11**
**TRUSTEE**

-and-

Jeff P. Prostok
State Bar No. 16352500
J. Robert Forshey
State Bar No. 07264200
Suzanne K. Rosen
State Bar No. 00798518
Matthias Kleinsasser
State Bar No. 24071357
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
mkleinsasser@forsheyprostok.com

**COUNSEL FOR**
**THE CHAPTER 11 TRUSTEE**

___

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 21, 2018, pursuant to Federal Rule of Civil Procedure 65, the undersigned did not attempt to give notice to the Defendants. Given the facts set forth herein and in the Complaint, notice is not necessary as Highland has already demonstrated that Highland will disregard this Court's orders (the TRO) and continue to make trades that violate this Court's orders. As evidenced by the Emails, Highland, on less than 24-hours' notice, seeks to liquidate hundreds of millions of dollars of CLO collateral, all in violation of the PMAs, the Indentures, 362 and 363. The Trustee is concerned that Highland will issue trades which effectively begin liquidating the CLOs in the time between when notice of the requested relief is given and when this Court sets the Second TRO for hearing.

*/s/ Rakhee V. Patel*
One of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2018, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

*/s/ Rakhee V. Patel*
One of Counsel