

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed June 21, 2018**

_____
United States Bankruptcy Judge
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § <br> § <br> ACIS CAPITAL MANAGEMENT, L.P., § <br> ACIS CAPITAL MANAGEMENT GP, § <br> LLC, § <br> § <br> Debtors. § <br> § | | Case No. 18-30264-SGJ-11 <br> Case No. 18-30265-SGJ-11 <br><br> (Jointly Administered Under Case No. 18-30264-SGJ-11) <br><br> Chapter 11 |
| ROBIN PHELAN, Chapter 11 Trustee, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> HIGHLAND CAPITAL MANAGEMENT, § <br> L.P., HIGHLAND CLO FUNDING, LTD. § <br> f/k/a ACIS LOAN FUNDING, LTD., CLO § <br> HOLDCO, LTD., NEUTRA, LTD., ACIS § <br> CLO 2014-3 LTD., ACIS CLO 2014-4 LTD., § <br> ACIS CLO 2014-5 LTD., ACIS CLO 2015-6 § <br> LTD., ACIS CLO 2014-3 LLC, ACIS CLO § <br> 2014-4 LLC, ACIS CLO 2014-5 LLC, and § <br> ACIS CLO 2015-6 LLC, § <br> § <br> Defendants. § | | Adversary No. 18-3212-SGJ |

## EX PARTE TEMPORARY RESTRAINING ORDER

On the ex parte application for a Temporary Restraining Order by Robin Phelan, the Chapter 11 Trustee (the "Trustee") for Acis Capital Management, L.P., ("Acis LP") and ("Acis GP, with Acis LP, "Debtors") pursuant to Federal Rule of Civil Procedure 65, incorporated by Federal Rule of Bankruptcy Procedure 7065, after considering the facts contained in the Verified Original Complaint and Application for Temporary Restraining Order and Preliminary Injunction (the "Complaint")[1] and the Trustee's verification of the Complaint, the Court finds that there is compelling evidence that irreparable harm is imminent to the Debtors, the Debtors' estates, the Debtors' rights, the Debtors' creditors, and to interested third parties (collectively the "Parties"), and if the Court does not issue a temporary restraining order enjoining the actions described herein, the Parties will be irreparably injured. As the basis for this order, the Court states the following:

1. The facts set forth in the Complaint present a clear showing that immediate and irreparable injury, loss, or damage will result to the Parties before the Restrained Parties (as hereinafter defined) or any other parties can be heard in opposition to this Order.

---

[1] Capitalized term(s) not expressly defined herein shall have the same meaning(s) as such term(s) have in the Complaint.

**TEMPORARY RESTRAINING ORDER**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　2

2. Rakhee Patel, counsel for the Trustee, represented to this Court and certified in writing that Rakhee Patel did not attempt to give notice to the Restrained Parties. Given the facts set forth in the Complaint, the Court finds that notice is not necessary, as it appears that Highland previously disregarded this Court's earlier orders (the earlier TRO) and continued to make trades that violated this Court's orders. As evidenced by the Emails (as defined by the Motion for an Ex Parte Temporary Restraining Order, or in the Alternative, Emergency Hearing on the Application for Temporary Restraining Order), Highland, on less than 24-hours' notice, seeks to liquidate hundreds of millions of dollars of CLO collateral, arguably in violation of the PMAs and the Indentures, and also in likely violation of Sections 362 and 363 of the Bankruptcy Code. The Court is concerned that Highland will issue trades which effectively begin liquidating the CLOs in the time between when notice of the requested relief is given and when this Court sets a hearing on the temporary restraining order. The Court is also concerned in that, on June 14, 2018, counsel for Highland CLO Funding, Ltd. f/k/a Acis Loan Funding, Ltd. ("HCLOF") told the Court that HCLOF had withdrawn its earlier-issued First Optional Redemption Notices but reserved the right to reissue the notices at some future date, stating: "That process has, in fact, concluded. That was done obviously for multiple reasons. My client doesn't believe that this is the appropriate time to be effectuating such a redemption for its own economic reasons, setting aside the complications it's obviously caused for others in this room. But needless to say, that, too, is an effort to try to bring, as I believe the Court has requested, and others have, some sanity to this process."[2] Because the First Optional Redemption Notices had been withdrawn, the Trustee did not proceed with the hearing the Court had scheduled on the Trustee's Motion to Extend the TRO. The Trustee has presented evidence to the Court with its newest request for another TRO that, ***on June 15, 2018, the very next day after making these statements to the Court— and the day after the hearing on the Motion to Extend the TRO was to have taken place, and after the TRO had expired, and—despite representing to the Court through counsel that it was essentially "standing down" for some period of time to bring some "sanity" to this process*—**HCLOF, without requesting relief from the stay under section 362(d) of the Bankruptcy Code or requesting authority to take such action under section 363(b) of the Bankruptcy Code, again advised the Trustee that it had directed the Issuers to effectuate the Optional Redemption on July 30, 2018. The Court finds that notice is not required as there is no less drastic means to protect the Trustee's interests.

---

[2] See Docket No. 298 at p. 7, ll. 15-22, Transcript of Hearing Held June 14, 2018.

**TEMPORARY RESTRAINING ORDER** 3

3. The Parties will suffer immediate and irreparable harm in the form of substantial losses to the Parties and third parties' financial interests if the Trustee, Highland Capital Management, L.P. ("Highland"), HCLOF, CLO Holdco, Ltd. ("Holdco"), Neutra, Ltd. ("Neutra," and together with HCLOF, and Holdco, the "Highland Affiliates"), Acis CLO 2014-3 Ltd. ("CLO-3"), Acis CLO 2014-4 Ltd. ("CLO-4"), Acis CLO 2014-5 Ltd. ("CLO-5"), Acis CLO 2015-6 Ltd. ("CLO-6," and together with CLO-3, CLO-4, and CLO-5, the "Issuers"), Acis CLO 2014-3 LLC ("CLO-3 LLC"), Acis CLO 2014-4 LLC ("CLO-4 LLC"), Acis CLO 2014-5 LLC ("CLO-5 LLC"), and Acis CLO 2015-6 LLC ("CLO-6 LLC," and together with CLO-3 LLC, CLO-4 LLC, CLO-5 LLC, the "Co-Issuers"), and other parties (the Trustee, Highland, the Highland Affiliates, the Issuers, and the Co-Issuers are referred to herein as the "Restrained Parties") are not immediately restrained and enjoined from effectuating the Optional Redemption, call, or other liquidation of the Acis CLOs. "Optional Redemption" is defined by and effectuated pursuant to to Sections 9.2 of each of the following: (i) that certain Indenture, dated as of March 18, 2013, issued by CLO-1, as issuer, CLO-1 LLC, as co-Issuer and US Bank as Trustee (the "CLO-1 Indenture"); (ii) that certain Indenture, dated as of February 25, 2014, issued by CLO-3, as issuer, CLO-3 LLC, as co-Issuer and US Bank, as Trustee (the "CLO-3 Indenture"); (iii) that certain Indenture, dated as of June 5, 2014, issued by CLO-4, as issuer, CLO-4 LLC, as co-Issuer and US Bank, as Trustee (the "CLO-4 Indenture"); (iv) that certain Indenture, dated as of November 18, 2014, issued by CLO-5, as issuer, CLO-5 LLC, as co-Issuer and US Bank, as Trustee (the "CLO-5 Indenture"); and (v) that certain Indenture, dated as of April 16, 2015, issued by CLO-6, as issuer, CLO-6 LLC, as co-Issuer and US Bank, as Trustee (the "CLO-6 Indenture"). CLO-1 Indenture, CLO-3 Indenture, CLO-4 Indenture, CLO-5 Indenture, and CLO-6 Indenture are collectively referred to herein as the "Indentures"). The Optional Redemption, call, or other liquidation of the Acis CLOs threatens to liquidate or harm valuable property of the Debtors, the Debtors' rights, the Debtors' estates, and other assets in this matter, to the detriment of the Parties. For the avoidance of doubt, Optional Redemption as used herein refers to an Optional Redemption previously or currently issued by the Restrained Parties and any other attempt to liquidate the CLOs now or in the future by any means.

4. Injunctive relief is necessary to prevent imminent and irreparable injury to the Parties in the form of substantial losses to the Parties and third parties' financial interests related to the Optional Redemption, call, or other liquidation of the Acis CLOs and the threatened liquidation of valuable property of the Debtors, the Debtors' rights, the Debtors' estates, and other assets in this matter. The losses that would result in the event a temporary restraining order is not issued cannot be presently measured by any certain pecuniary standard, are not reasonably quantifiable, and cannot be adequately compensated with monetary damages; thus, the Parties and interested third parties otherwise have no adequate remedy at law.

**TEMPORARY RESTRAINING ORDER** 4

5. The Trustee has a "substantial likelihood of success on the merits" of a claim regarding: (i) violation of the automatic stay if this temporary restraining order is not issued, (ii) failure of Defendants to comply with the legal requirements of implementing an optional redemption, (iii) failing to obtain court authority under Section 363 to effectuate an optional redemption, and (iv) confirmation of an effective plan of reorganization.

6. The balancing of the harms weighs in favor of issuing the temporary injunction because any harm to Highland, or any of the Highland Affiliates, is substantially outweighed by the damage that would be caused to Parties if the Optional Redemption, call, or other liquidation of the Acis CLOs is not enjoined.

7. Public policy supports restraining the actions described herein and allowing the Trustee to exercise his fiduciary duties to maximize the value of the estate for the benefit of the Parties by allowing the Trustee to direct and control the refinancing, sale, or other monetization of Debtors' property, the Debtors' rights, the Debtors' estates, and other assets in this matter.

**IT IS THEREFORE ORDERED** that all Restrained Parties[3] and their officers, agents, servants, employees, attorneys, and any other person or entity acting on the Restrained Parties' behalf are enjoined for a period of fourteen (14) days from:

a. proceeding with, effectuating, or otherwise taking any action in furtherance of any Optional Redemption, call, or other liquidation of the Acis CLOs previously or currently issued by the Restrained Parties and any other attempt to liquidate the CLOs now or in the future by any means;

b. trading any CLO collateral, whether in furtherance of the Optional Redemption, call, or other liquidation of the Acis CLOs or otherwise, without the express and explicit written authorization of the Trustee; and

c. sending, mailing, or otherwise distributing any notice to the holders of the Acis CLOs in connection with the effectuation of any Optional Redemption, call, or other liquidation of the Acis CLOs.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Bankruptcy Procedure 7065, the Trustee is not required to provide security or bond in connection with this Order.

**IT IS FURTHER ORDERED** that this Order expires on 12:00 p.m. (Central Daylight Time) on July 5, 2018, unless further extended by this Court or by agreement of the parties.

**IT IS FURTHER ORDERED** that a preliminary injunction hearing is set before the Honorable Stacey G.C. Jernigan on **July 5, 2018 at 9:30 am.** (Central Daylight Time), at the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1428 (Courtroom No. 1), Dallas, Texas 75242.

**IT IS FURTHER ORDERED** that the Court will hold as status conference on this matter before the Honorable Stacey G.C. Jernigan on **June 22, 2018 at 10:45 a.m.** (Central Standard Time), at the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1428 (Courtroom No. 1), Dallas, Texas 75242.

### ### END OF ORDER ###