Rakhee V. Patel – State Bar No. 00797213
Phillip Lamberson – State Bar No. 00794134
Joe Wielebinski – State Bar No. 21432400
Annmarie Chiarello – State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
jwielebinski@winstead.com
achiarello@winstead.com

**SPECIAL COUNSEL FOR
ROBIN PHELAN, CHAPTER 11 TRUSTEE**

Jeff P. Prostok – State Bar No. 16352500
J. Robert Forshey – State Bar No. 07264200
Suzanne K. Rosen – State Bar No. 00798518
Matthias Kleinsasser – State Bar No. 24071357
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
mkleinsasser@forsheyprostok.com

**COUNSEL FOR THE CHAPTER 11
TRUSTEE**

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | Case No. 18-30264-SGJ-11 |
| | § | Case No. 18-30265-SGJ-11 |
| ACIS CAPITAL MANAGEMENT, L.P., | § | |
| ACIS CAPITAL MANAGEMENT GP, LLC, | § § | (Jointly Administered Under Case   No. 18-30264-SGJ-11) |
| | § | |
| DEBTORS | § § | Chapter 11 |

| | | |
|---|---|---|
| ROBIN PHELAN, CHAPTER 11 TRUSTEE, | § § § | |
| PLAINTIFF | § § | Adversary No. 18-03212-sgj |
| v. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, LP, ET AL., | § § § | |
| DEFENDANTS | § § | |

---

**MOTION TO CONSOLIDATE ADVERSARY CASE NOS. 18-03078 & 18-03212**                                                      **Page 1 of 7**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Case No. 18-30264-SGJ-11 |
| | § | Case No. 18-30265-SGJ-11 |
| ACIS CAPITAL MANAGEMENT, L.P., | § | |
| ACIS CAPITAL MANAGEMENT GP, | § | (Jointly Administered Under |
| LLC, | § | Case No. 18-30264-SGJ-11) |
| | § | |
| DEBTORS. | § | Chapter 11 |

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, | § | |
| L.P. AND HIGHLAND CLO FUNDING | § | |
| LTD., | § | |
| | § | |
| PLAINTIFFS, | § | Adversary No. 18-03078-sgj |
| | § | |
| v. | § | |
| | § | |
| ROBIN PHELAN, CHAPTER 11 | § | |
| TRUSTEE, | § | |
| | § | |
| DEFENDANT. | § | |

| | | |
|---|---|---|
| ROBIN PHELAN, CHAPTER 11 | § | |
| TRUSTEE, | § | |
| | § | |
| THIRD-PARTY PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| HIGHLAND HCF ADVISOR, LTD., | § | |
| HIGHLAND CLO MANAGEMENT, LTD., | § | |
| AND HIGHLAND CLO HOLDINGS, LTD., | § | |
| | § | |
| THIRD-PARTY DEFENDANTS. | § | |

**MOTION TO CONSOLIDATE ADVERSARY CASE NOS. 18-03078 & 18-03212**

**TO THE HONORABLE STACEY G.C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:**

Robin Phelan, the Chapter 11 Trustee (the "Trustee") for Acis Capital Management, L.P. ("Acis LP") and Acis Capital Management GP, LLC ("Acis GP", with Acis LP, "Debtors"), files this *Motion To Consolidate Adversary Case Nos. 18-03078 & 18-03212* (the "Motion") pursuant to Federal Rule of Civil Procedure 42(a), made applicable herein by Federal Rule of Bankruptcy Procedure 7042.

## I. BRIEF SUMMARY

1. The Trustee requests that this Court consolidate Adversary Case No. 18-03078 and Adversary Case No. 18-03212 (collectively, the "Adversary Cases") pursuant to Federal Rule of Civil Procedure 42(a), made applicable herein by Federal Rule of Bankruptcy Procedure 7042.

## II. ARGUMENT AND AUTHORITIES

**A. Applicable Legal Standard**

2. Under Federal Rule of Civil Procedure 42(a), made applicable herein by Federal Rule of Bankruptcy Procedure 7042, if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42. Rule 42(a) is used to promote judicial efficiency and eliminate unnecessary confusion. *See Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). The court has broad discretion in determining whether consolidation is appropriate. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989).

3. In evaluating whether consolidation is proper, courts consider whether: "(1) the cases proposed for consolidation are pending either before the same court for all purposes or before two different courts within the same judicial district; (2) the cases involve a common party; (3) there are common questions of law; (4) there are common questions of fact; (5) there is no risk of prejudice or possible confusion if the cases are consolidated, or if there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; (6) consolidation will not result in an unfair advantage; (7) consolidation will conserve judicial resources; (8) consolidation will reduce the time for resolving the cases when compared to separate trials; and (9) consolidation will reduce the expense of trying the cases separately." *Mayfield v. Am. Auto Ins. Co.*, 2003 U.S. Dist. LEXIS 28562 (N.D. Tex. May 27, 2003)(citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993); *St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989-90 (5th Cir. 1983); *Debruyne v. Nat'l Semiconductor Corp. (In re Repetitive Stress Injury Litigation)*, 11 F.3d 368,373-74 (2nd Cir. 1993); and *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495-96 (11th Cir. 1985)).

**B.     The Consolidation Factors Support Consolidation**

4. All of the factors above support consolidation of the Adversary Cases: (1) the Adversary Cases proposed for consolidation are pending before this Court; (2) the Adversary Cases involve common parties, including the Trustee, Highland, and HCLOF; (3) there are common questions of fact and are potentially common questions of law; (4) the risk of prejudice or possible confusion if the Adversary Cases are consolidated is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; (5) consolidation will not result in an unfair advantage; (6) consolidation will conserve judicial resources; (7) consolidation will reduce the time for resolving the Adversary Cases; and

(8) consolidation will reduce the expense of trying the Adversary Cases separately. The Trustee has also agreed that the consolidation of the Adversary Cases shall not prejudice the rights of any party, including related to any pending motion, and the proposed order granting consolidation so provides.

5.  The Trustee proposes that Adversary Case No. 18-03212 be consolidated into Adversary Case No. 18-03078, and that the Scheduling Order entered in Adversary Case No. 18-03212 [Dkt # 57] be dissolved, with all scheduling being addressed in the consolidated action.

### III.  PRAYER

The Trustee respectfully requests that this Court: (i) grant the relief requested in this Motion by consolidating the Adversary Cases; and (ii) grant him such other and further relief to which it may be justly entitled, both at law and in equity.

**Dated: February 5, 2019**

Respectfully submitted,

By: */s/ Phillip Lamberson*
Rakhee V. Patel - State Bar No. 00797213
Phillip Lamberson - State Bar No. 00794134
Joe Wielebinski - State Bar No. 21432400
Annmarie Chiarello - State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
jwielebinski@winstead.com
achiarello@winstead.com

**SPECIAL COUNSEL FOR ROBIN PHELAN, CHAPTER 11 TRUSTEE**

-and-

Jeff P. Prostok - State Bar No. 16352500
J. Robert Forshey - State Bar No. 07264200
Suzanne K. Rosen - State Bar No. 00798518
Matthias Kleinsasser - State Bar No. 24071357
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1290
Ft. Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
mkleinsasser@forsheyprostok.com

**COUNSEL FOR THE CHAPTER 11 TRUSTEE**

### CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2019, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in the above-referenced adversary proceedings pursuant to the Electronic Filing Procedures in this District.

*/s/Phillip Lamberson*
One of Counsel

## CERTIFICATE OF CONFERENCE

      I hereby certify that counsel for the Trustee contacted counsel for Highland Capital Management, L.P. ("Highland"), Highland CLO Funding, Ltd. ("HCLOF"), the Issuers and Co-Issuers,[1] Highland HCF Advisor, Ltd. ("Highland Advisor"), and Highland CLO Management, Ltd. ("Highland CLOM,") regarding the relief sought in this Motion. Counsel for Highland, HCLOF, Highland CLOM and Highland Advisor stated that they do not contest consolidation of the Adversary Cases as sought in this Motion, and counsel for the Trustee has circulated an agreed order to them that, once finalized, will be submitted to the Court. Counsel for the Issuers and Co-Issuers had not responded at the time this Motion was filed.

                                      */s/Phillip Lamberson*
                                      One of Counsel

---

[1] Acis CLO 2014-3 Ltd. ("CLO-3"), Acis CLO 2014-4 Ltd. ("CLO-4"), Acis CLO 2014-5 Ltd. ("CLO-5"), Acis CLO 2015-6 Ltd. ("CLO-6," and together with CLO-1, CLO-3, CLO-4, and CLO-5, the "Issuers"), Acis CLO 2014-3 LLC ("CLO-3 LLC"), Acis CLO 2014-4 LLC ("CLO-4 LLC"), Acis CLO 2014-5 LLC ("CLO-5 LLC"), Acis CLO 2015-6 LLC ("CLO-6 LLC," and together with CLO-1 LLC, CLO-3 LLC, CLO-4 LLC, and CLO-5 LLC, the "Co-Issuers").